JAMES ROARTY, Appellant, *v.* EDWARD C. McDERMOTT and Others, Respondents.

*Judicial sale — expense of proceedings to compel a purchaser to take title — payment thereof from the proceeds of sale.*

A purchaser at a judicial sale in partition having refused to complete his purchase, the plaintiff in the partition suit took proceedings, with the knowledge and approval of all the parties to the action, although there was no agreement that they should reimburse the plaintiff for any expense he might incur in such proceedings, to compel the purchaser to take title.

The proceedings were finally successful in the Court of Appeals.

Upon an appeal from the order denying plaintiff's motion, made at Special Term, to have the sum incurred for services and disbursements in such proceedings paid by the referee and receiver in the action before making a distribution of the proceeds of sale, or of the rents received by him,

*Held,* that the rights of the parties were fixed by the order made in the proceeding to compel the purchaser to take title, and that there was no authority in the Special Term to grant any additional amount out of the fund;

That although the expenses of the sale were directed by the judgment to be paid, the expense of a proceeding brought to compel a purchaser to complete his purchase could not be included; that the plaintiff had no lien on the fund for such claim, and that the court was without power to order the referee to pay such amount out of the proceeds of sale.

Appeal by the plaintiff, James Roarty and his attorneys, from that part of an order of the Supreme Court, made at the New York Special Term bearing date the 20th day of July, 1895, and entered in the office of the clerk of the county of New York, which denied the plaintiff's motion for an order directing the referee and receiver in the action, before making a distribution of the proceeds of sale or of the rents received by him, to pay to the plaintiff, or his attorneys, out of the same, a certain bill or charge for services and disbursements incurred by the plaintiff in the proceedings had in the action to compel the purchaser to complete his purchase.

*William H. Hamilton,* for the appellant.

*G. A. Seixas,* for the respondents.

O'Brien, J. :

This action was for partition, and under the deci‿‿ the property involved was sold, and, before the time in which the purchaser was to complete his purchase had expired, final judgment was entered, confirming the sale and directing distribution of the proceeds. The purchaser refusing to complete, plaintiff moved to compel him to do so, and succeeded at Special Term, only to be reversed at the General Term and then to be finally successful in the Court of Appeals. It is shown that the proceedings to compel the purchaser to take title were had with the knowledge and approval of the parties to the action, although it is not claimed that there was any agreement or that they undertook to reimburse plaintiff for any expense he might be put to in such proceedings. It is not disputed that the attorneys' services and disbursements rendered and incurred subsequent to the

final judgment were reasonably worth the amount claimed, $597.47; but the motion to have this sum deducted from the proceeds of the sale was denied at the Special Term on the ground of want of power. In this, we think, the Special Term was right. After final judgment and after the rights of the parties are fixed, there is no express authority for the granting of any additional amounts out of the fund.

Recognizing the force of this, the plaintiff contends that as the expenses of the sale were directed to be paid, these services may be regarded as coming within that category. What are to be included in the expenses of a sale are so well understood as not to require enumeration, it being sufficient to say that they do not include the expense of a proceeding such as was here brought to compel a purchaser to complete his purchase. In common with the others, plaintiff claimed to have an interest in this property, and by the final judgment his interest was fixed and defined, and it was his privilege, upon the purchaser refusing the title, to take such proceedings as he thought proper to compel him to complete the purchase and thus obtain the fund out of which the amount of his interest could be paid. If he was unwilling to undertake this burden and expense alone, he could have arranged with the other parties by agreement for the payment of their proportion. In the absence of such an agreement, we do not think the court would be warranted in compelling the parties to contribute their proportions, or, against their objection, in allowing the amount to be deducted from the proceeds of sale.

That this is the correct view we think becomes clearer if we consider what would be the situation had the plaintiff failed instead of succeeding as he did in the proceedings. Plaintiff's theory is that he should be reimbursed for expenses incurred for the common benefit of all. If this principle is sound, there is no reason why they should not be paid him whether successful or unsuccessful, assuming that the proceeding is taken in good faith. Upon the refusal of a purchaser to complete his purchase, it might very well happen in a given case that the objections to the title would be regarded as valid by some of the parties though seeming untenable to the one who concluded to conduct the proceeding to compel the purchaser to take title.

In such a case, if the proceedings were unsuccessful, it would be unjust to the one who concluded that the objections made were valid to compel him unwillingly to contribute to the expenses. Yet, if the plaintiff is right, no good reason can be suggested why in the one case one should not be required to pay his proportion as well as in the other. The underlying principle is that though one in endeavoring to enforce his own right may thereby confer a benefit on others, he cannot, in the absence of some express statute or agreement, compel the latter to share the expenses with him.

Our conclusion, therefore, is that, as the plaintiff could have no lien on the fund for such claim, and as there was no agreement between the parties, and we have been referred to no statute which would justify it, we concur in the view of the Special Term that the court was without power to order the referee to pay the amount out of the proceeds of sale.

The order, therefore, is affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.