With this statement the son agrees. But after June, 1887, the former practice of the father in requiring the son to give him notes for moneys advanced was abandoned. According to the testimony of both father and son, the father borrowed $20,000 on mortgage in October, 1887, and immediately turned it over to the son. When paid to the son the money was all in bank notes, but the father did not take a note for it nor a receipt. This statement is not contradicted by the son on this trial, and the further fact appears that no record or entry of these transactions was made by either father or son. And in that important respect, the son's testimony strengthens the evidence of the former trial on this subject. Then it appeared that there were no entries in the business books of the son. Now it appears that he never made an entry anywhere of the transactions. What we have said as to the absence of a note, receipt or entry by either father or son as to the $20,000, is also true of the $5,000 turned over December 27, 1887; of the $8,000 on November 4, 1889, and the $14,000 paid over May 28, 1891. The father, in answer to an inquiry as to whether he kept any account between himself and son during this period of time, said: "As a general thing, I kept no account; I may have in these later years a few little memoranda, but I did not at the time that I loaned this large amount and down to the 12th of February, 1892, keep any account, not until the whole thing was paid." The date given by the witness was some little time after the last payment, which he now claims to have been a loan to his son. It also appears, from the testimony of the manager and bookkeeper of the wholesale firm, and from the testimony of the bookkeeper of the retail department, that the books contained no evidence of any of these transactions, and the son on this trial testified: "I did not keep any account in any book with my father; none whatever * * * I did not keep any account with him at all; I kept no entry of this indebtedness on any book." In such important respect, therefore, the son's testimony strengthens the evidence upon which the judgment was based in the *Comyns'* case. On that trial, it also appeared, from the testimony of a representative of Bradstreet's Commercial Agency, that in February, 1888, when, according to the father's testimony, the indebtedness of his son to him was $93,500, the son stated that his total indebtedness consisted of a debt due the Sixth avenue store of from $6,000 to $8,000, and on the factory account of $15,000. On this trial, William H. Riker admits that he did make that statement. There are other features of the testimony, such as a failure at any time to demand payment by the father; the omission to pay interest; the swearing off of his personal assessment by William B. Riker, and his testimony in relation to it, in which he said: "I did swear off that I was not liable to personal tax, because what my son owed me I did not look upon in the light of a debt; I did not think of it; it was a different kind of a debt." But such evidence, and the weight to be attached to it, was considered by us in the *Comyns'* case, leaving for consideration here whether the testimony of William H. Riker so far overcomes the evidence in the *Comyns'* case as to require a different conclusion. Our examination of it, to which brief reference only has been made, satisfies us that it is not of such a character as to justify this court in holding that the decision of the Special Term was against the weight of evidence. The judgment should be af-

firmed, with costs. Present—Van Brunt, P. J., O'Brien and Parker, JJ.

Henry H. Savage, an Infant, etc., Respondent, v. William D. Faulhaber, Appellant.—Judgment affirmed, with costs.—

PER CURIAM: At the close of plaintiff's case defendant moved to dismiss upon two grounds, which in different form presented the question as to whether the plaintiff had established his cause of action. The motion having been denied, defendant excepted; and, as no testimony was offered in his behalf, and the case went to the jury on the testimony for the plaintiff, and upon their rendering a verdict, no motion having been made for a new trial, the single question before us on this appeal is as to whether the plaintiff had made out a *prima facie* case. An examination of such testimony will show that every fact which it was necessary for the plaintiff to prove to justify a favorable inference of the jury was established, and, as it is not the province of this court to disturb a verdict which is fully supported, it follows that the judgment appealed from should be affirmed, with costs. Present— Van Brunt, P. J., O'Brien and Parker, JJ.

Emily A. Emerson, Appellant, v. Jesse M. Emerson, Jr., Respondent.—Order affirmed, with ten dollars costs and disbursements.—

PER CURIAM: Even if the court could entertain this motion, our examination of the record leads to the conclusion that the discretion of the Special Term was not improperly exercised in refusing to allow a counsel fee to the plaintiff to be employed in securing counsel to oppose defendant's motion. The order should be affirmed, with ten dollars costs and printing disbursements. Present—Van Brunt, P. J., O'Brien and Parker, JJ.

John E. Devlin, Individually, etc., Respondent, v. The New York Elevated Railway Company and Others, Appellants.—Judgment affirmed, with costs. No opinion.

James Roarty v. Edward C. McDermott and Others.—Motion for re-settlement denied, except as to formal parts of order. See *mem.*

Frederick L. Colwell v. Genevieve R. Colwell.— Motion granted.

Thomas C. Graham v. John Graham. Same v. Same.—Motions denied.

Henry A. Landgraff, Appellant v. Lancashire Insurance Company of Manchester, England, Respondent.—Order affirmed, with ten dollars costs and disbursements. No opinion.

The People of the State of New York ex rel. George J. Gould and Others, Executors, etc., Appellants, v. Edward J. Barker and Others, Commissioners, etc., Respondents.— Order affirmed, with costs.—

PER CURIAM: Upon the statute, as construed in the case of *The People ex rel Coudert* v. *Commissione s* (31 Hun, 235), in which we concur, the order appealed from should be affirmed, with costs Present — Van Brunt, P. J., O'Brien and Parker, JJ.

American Aquol and Pyrodene Paint Company, Respondent, v. James B. Smith and Another, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event of the action.—

PER CURIAM: No rights of third parties having intervened, we think that the rule that the appearance of an attorney must be held binding, does not necessarily apply to this case. Upon the facts then, it appearing that the defendant never was served with the summons and that he states that he was not a partner and, therefore, not liable to the

| 90 | 609 |
| 150a | 52 |